1
2
3
4
5

UNITED STATES DISTRICT COURT
6
WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8   DAMIEN DESHAWN PUGH,

9                          Plaintiff,                    Case No. C25-884-JLR

10              v.                                       ORDER TO SHOW CAUSE

11   BEST BUY,

12                          Defendant.

13

14          Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the

15   above-entitled action. (Dkt. # 6.) In the IFP application, Plaintiff states he is unemployed, has not

16   received money from any source in the past twelve months, has no cash or funds in bank

17   accounts, owns no valuable property, and has no dependents. (*Id.* at 1-2.) He left blank the

18   sections of the application requesting information about his monthly expenses and any other

19   information reasons why he cannot pay court fees and costs. (*Id.* at 2.)

20          The district court may permit indigent litigants to proceed IFP upon completion of a

21   proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status,

22   a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the

23   claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523

1    (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant

2    must show that he or she "cannot because of his [or her] poverty pay or give security for the

3    costs and still be able to provide him[ or her]self and dependents with the necessities of life."

4    *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations

5    omitted).

6         Here, Plaintiff's IFP application omits information necessary for the Court to determine

7    whether he is able to afford court fees. Plaintiff fails to explain how he can meet his basic living

8    needs, such as food and housing, given his lack of income or savings. Without further

9    information, Plaintiff should not be authorized to proceed IFP.

10        Accordingly, Plaintiff is ORDERED to show cause by **July 15, 2025**, why this Court

11   should not recommend that his IFP application be denied. In the alternative, Plaintiff may file an

12   amended IFP application clarifying the matters noted above by that date. The Clerk is directed to

13   re-note Plaintiff's IFP application (dkt. # 6) for **July 15, 2025**, and to send copies of this order to

14   Plaintiff, along with a blank IFP application, and to the Honorable James L. Robart.

15        Dated this 1st day of July, 2025.

16

17   MICHELLE L. PETERSON
     United States Magistrate Judge

18

19

20

21

22

23