UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMIEN D. PUGH,<br><br>               Plaintiff,<br><br>   v.<br><br>BEST BUY,<br><br>               Defendant. | CASE NO. C25-0884JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court are (1) *pro se* Plaintiff Damien Pugh's complaint against Defendant Best Buy (Compl. (Dkt. # 11)); and (2) Magistrate Judge Michelle L. Peterson's order granting Mr. Pugh's application to proceed *in forma pauperis* ("IFP") (IFP Order (Dkt. # 10); IFP Application (Dkt. # 1)). Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" the court determines that a complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

ORDER - 1

1 | 2000) (clarifying that § 1915(e) applies to all IFP proceedings).  The court has considered
2 | Mr. Pugh's complaint and determined that it fails to state a claim upon which relief can
3 | be granted.  Accordingly, the court DISMISSES Mr. Pugh's claims without prejudice and
4 | with leave to amend.

## II.   BACKGROUND

On May 9, 2025, Mr. Pugh filed a complaint alleging that employees at Best Buy's Northgate location failed to ship his thumb drive for a repair service; failed to provide him with tracking paperwork; and "wrote a falsified diagnostic report" in an effort to conceal an "identity theft ring" operated by those employees.  (Compl. at 3, 5.) He alleges that these acts violated the Racketeer Influenced and Corrupt Organization Act ("RICO").  (*Id.* at 3 (citing 18 U.S.C. §§ 1961-1968).)

On July 9, 2025, Magistrate Judge Peterson granted Mr. Pugh's application to proceed IFP.  (IFP Order.)

## III.   DISCUSSION

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Mr. Pugh is a *pro se* plaintiff, the court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The

complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, the plaintiff must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief").

Mr. Pugh's complaint is subject to dismissal because he has not alleged sufficient facts to "raise [his] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mr. Pugh alleges that he brought "a thumb drive with 400 [gigabytes] of information" to Best Buy "for repair." (Compl. at 5.) He alleges that employees in Best Buy's "Geek Squad" department "never shipped [the thumb drive] for service" and did not provide him with a shipping tracking number. (*Id.*) He also alleges that "the technician wrote a falsified diagnostic report" in an effort to conceal an "identity theft ring" that employees operate at Best Buy's Northgate location, and that Best Buy therefore violated RICO. (*See id.* at 1, 3, 5-6); *see also* 18 U.S.C. § 1961, *et seq*. As the court explains below, even liberally construing Mr. Pugh's complaint, *see McGurkin*, 974 F.2d at 1055, the court is unable to "draw the reasonable inference" that Best Buy is "liable for the misconduct alleged[,]" *see Twombly*, 550 U.S. at 555.

1    "The elements of a civil RICO claim are: (1) conduct (2) of an enterprise
2 (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing
3 injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de*
4 *Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (cleaned up). As to the first
5 element, Mr. Pugh fails to allege that Best Buy employees stole or attempted to steal his
6 identity, and he also pleads no factual allegations concerning what these individuals did
7 to steal or attempt to steal his identity. (*See* Compl. at 5 (alleging generally that
8 employees operate an "identity theft ring[,]" without more).)

9    As to the third and fourth elements of his RICO claim, Mr. Pugh has not alleged
10 "at least two related acts of racketeering activity" that are sufficiently continuous. *See*
11 *United Broth. of Carpenters and Joiners of Am. v. Bldg. and Constr. Trades Dep't*, 911 F.
12 Supp. 2d 1118, 1138 (E.D. Wash. 2012) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*,
13 492 U.S. 229, 237-42 (1989)). His allegations concern only a single occasion when he
14 sought repair of his thumb drive. (*See* Compl. at 5.)

15    As to the fifth element of his RICO claim, Mr. Pugh does not include any
16 allegations concerning an injury to his business or property. (*See generally* Compl.) He
17 alleges only that employees "never shipped" his thumb drive for service and did not
18 provide him with "tracking paperwork[.]" (*Id.* at 5.)

19    Accordingly, Mr. Pugh fails to provide "a short and plain statement of [his] claim
20 showing that [he] is entitled to relief[.]" *See* Fed. R. Civ. P. 8(a). Therefore, the court
21 DISMISSES Mr. Pugh's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).
22

ORDER - 4

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Pugh leave to file an amended complaint. If he does so, he must articulate both the legal and factual basis supporting his claims. Mr. Pugh shall file his amended complaint, if any, no later than **August 22, 2025**. If Mr. Pugh fails to timely file an amended complaint that corrects the deficiencies identified in this order by the deadline, the court will dismiss this action without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Pugh's complaint (Dkt. # 11) without prejudice and with leave to file an amended complaint that corrects the deficiencies identified in this order by no later than **August 22, 2025**.

Dated this 1st day of August, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 5